69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dickie LYNN, a/k/a Richard L. Van Meter, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3944.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1995.[1]
Decided Oct. 23, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written plea agreement, defendant pled guilty to conspiracy to distribute cocaine, 21 U.S.C. Sec. 841(a)(1). On July 1, 1993, he was sentenced to 121 months' imprisonment. Defendant did not file a direct appeal from his sentence or conviction.
 
 
 2
 While there is some confusion as to what type of post-conviction motion Lynn filed[2] in the district court, both the magistrate judge and the district court judge treated it as a Sec. 2255 motion to vacate sentence, and Lynn does not complain of this characterization of his motion. The magistrate judge noted that Lynn's motion states in its entirety: "The grounds for this motion are that the confidential informant lied his words were untrue [sic]." The magistrate judge went on, however, to "consider [Lynn's] motion within the same contours of the other defendants' motion[s]," all of which were subsequently denied on the merits.[3]
 
 
 3
 On October 17, 1994, the district court adopted the magistrate judge's recommendation and denied defendant's motion. On November 16, 1994, the district court denied defendant's motion for reconsideration, and that order was entered on the docket on November 23, 1994. On December 6, 1994, defendant filed a notice of appeal. The government argues that the notice of appeal is untimely. As a Sec. 2255 motion to vacate sentence, defendant had 60 days to file a notice of appeal, Fed.R.App.P. 4(a), and therefore the appeal was timely.
 
 
 4
 The government's untimely appeal argument rests on its belief that Lynn should have filed a direct appeal. True, but the appropriate basis for the district court's denial of the Sec. 2255 motion was failure to show cause and prejudice for not filing a direct appeal, See McCleskey v. Zant, 499 U.S. 467, 494 (1991), something which Lynn has not done.
 
 
 5
 Moreover, defendant's plea agreement expressly waives his right to raise any issue on appeal that might have been available if he had exercised his rights to a trial, see United States v. Schmidt, 47 F.3d 188, 190 (7th Cir.1995), which would include the credibility of witnesses.
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 Defendant states in his reply brief that he filed a motion to vacate the sentence, and the notice of appeal states that he filed a motion to withdraw guilty plea, both pursuant to Fed.R.Crim.P. 33, and also states that he filed a motion to vacate sentence, 28 U.S.C. Sec. 2255
 
 
 [3]
 The issue defendant presents here concerns the credibility of a government witness who testified at the trial of one of Lynn's codefendants. We recently affirmed the convictions of Lynn's three codefendants, and found that the district court properly found that the government witness in question had not committed perjury. United States v. Saadeh, 61 F.3d 510 (7th Cir.1995)