107 F.3d 874
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David E. WEISKOPF, Defendant-Appellant.
 No. 96-2648.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 17, 1996.*
Decided Feb. 07, 1997.
 
 Before MANION, ROVNER and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Weiskopf sold pre-arranged funeral plans to the elderly and the ill, guaranteed by his commitment to purchase a life insurance annuity in an amount sufficient to cover the expected cost of the client's funeral. Weiskopf pocketed the monies, however, causing the insurance policies to lapse and depriving his clients of the benefits of their purchase. Eventually, Weiskopf was arrested and charged in a seven count indictment for this fraudulent activity. Weiskopf pleaded guilty pursuant to a plea agreement to two counts of mail fraud in violation of 28 U.S.C. § 1341, in exchange for the government's dismissal of three remaining counts of mail fraud, and two counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(I). The district judge accepted Weiskopf's plea and sentenced him to serve twenty-four months' imprisonment,[1] followed by three years of supervised release, and to pay restitution in the amount of $119,987.99, the amount stipulated by Weiskopf to be the total loss caused by his crime. After Weiskopf filed a timely notice of appeal, his counsel filed a motion to withdraw and a thorough brief, pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that there are no issues of merit to be raised on appeal. In response, Weiskopf challenges his sentence and several aspects of his restitution order. Because Weiskopf has not demonstrated any nonfrivolous issues to raise on appeal, we grant counsel's motion to withdraw and dismiss Weiskopf's appeal.
 
 
 2
 As a preliminary matter, counsel contends that Weiskopf has waived his right to challenge his conviction or his sentence on any ground, as a result of entering into a plea agreement that contained an explicit waiver of his right to appeal.[2] If accepted, counsel's argument would foreclose this court's jurisdiction to hear Weiskopf's appeal, and thus would be a sufficient basis to dismiss the appeal and grant counsel's motion to withdraw. See United States v. Barnes, 83 F.3d 934, 941 (7th Cir.), cert. denied, 117 S.Ct. 156 (1996); United States v. Wegner, 58 F.3d 280, 281 (7th Cir.), cert. denied, 116 S.Ct. 349 (1995). This circuit enforces plea agreements that waive a defendant's right to appeal a conviction or sentence, as long as the defendant's waiver was knowingly and voluntarily entered. United States v. Agee, 83 F.3d 882, 885 (7th Cir.1996); United States v. Schmidt, 47 F.3d 188, 190 (7th Cir.1995); Johnson v. United States, 838 F.2d 201, 204 (7th Cir.1988). Notably, Weiskopf does not challenge the voluntariness of his plea, or otherwise attempt to withdraw it. Because it is not our function to deprive him of the benefit he gained by entering into the plea agreement, we need not speculate about esoteric violations during the plea hearing that might invalidate the plea. Hence, we do not question the validity of Weiskopf's guilty plea, or his waiver of his right to appeal.
 
 
 3
 There is a twist, however, in this case, due to some ambiguity in the scope of Weiskopf's waiver of his right to appeal.[3] As noted by the district judge, "at Paragraph 20 [of the plea agreement], you agree that you waive your right to appeal any sentence within the maximum provided by the statute, or on any grounds whatever, and you waive your right to challenge my sentence or the manner in which it is determined in any collateral attack...." (Plea Hearing Tr. at 18.) Immediately before this, however, the district judge noted the plea provisions reserving Weiskopf's right to ask the court for a downward departure. Read together, these provisions may mean that although Weiskopf could ask for a departure, he could not appeal if the district court denied his request. On the other hand, they could mean that Weiskopf agreed to raise no issue on appeal except for an issue relating to his request for a downward departure. The first reading appears reasonable because, generally, we do not have jurisdiction to review a denial of a request to depart downward. See United States v. Prevatte, 66 F.3d 840, 843 (7th Cir.1995) (stating general rule that appellate court cannot review district court's decision not to depart downward). The second reading is also plausible, however, because we may review a denial of a departure request where the district court erroneously thought it was without authority to depart. See United States v. Yahne, 64 F.3d 1091, 1094 (7th Cir.1995) (noting that we have jurisdiction to review a denial of a motion to depart where the district court erroneously believed it was without authority to depart); Schmidt, 47 F.3d at 190 (noting that despite a valid waiver of the right to appeal, a defendant could appeal his sentence if the trial court relied on a constitutionally impermissible factor such as race or if the court sentenced the defendant above the statutory maximum).
 
 
 4
 In addition to this apparent ambiguity in the scope of Weiskopf's appeal waiver, the plea agreement contains another provision that may have partially opened the door to appellate review. In the plea agreement, Weiskopf reserved his right to challenge the amount of loss caused by his conduct. (Plea Hearing Tr. at 18.) Arguably then, due to the close relationship between an award of restitution (used to compensate those who suffer losses due to the defendant's conduct) and the court's calculation of the estimated loss caused by the defendant's conduct, this court has jurisdiction to hear Weiskopf's challenges to the district court's restitution order.[4] Although we could find, after full briefing on the issue, that Weiskopf's waiver of his right to appeal precludes us from considering any challenge to his conviction or sentence, we elect in this Anders proceeding to proceed cautiously and consider the issues raised by counsel and Weiskopf.
 
 
 5
 Counsel points out that Weiskopf may challenge the district court's refusal to depart downward from the relevant sentencing range based on his diminished mental capacity and to sentence Weiskopf at the low end of the applicable sentencing range. But, as previously noted, we do not have jurisdiction to review the district court's denial of Weiskopf's motion to depart downward unless the district court thought it was without authority to depart. Prevatte, 66 F.3d at 843; Yahne, 64 F.3d at 1094. Under U.S.S.G. § 5K2.13, a district court may depart downward where a defendant commits a non-violent offense while suffering from a reduced mental capacity, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public. As in his motion before the district court to depart downward pursuant to this section, Weiskopf argues that he should not be incarcerated because he would benefit from a behavior modification plan. This argument is frivolous. The district court denied Weiskopf's motion based on the lack of facts to support it,[5] not because it thought it was without authority to depart. We do not have jurisdiction to review the district court's discretionary decision not to depart downward.
 
 
 6
 Weiskopf also seeks to challenge the district court's refusal to credit his mitigation evidence[6] by sentencing him at the low end of the applicable guideline range. Because nothing in the record suggests that the district court violated the law or incorrectly applied the guidelines in sentencing Weiskopf to twenty-four rather than eighteen months' imprisonment for his multiple counts of mail fraud, we may not review the sentence. See 18 U.S.C. § 3742(e).
 
 
 7
 We now turn to Weiskopf's challenges to the district court's restitution order. As a preliminary matter, we note that "[t]he Sentencing Guidelines contemplate full restitution whenever possible and the defendant must establish that full restitution is unwarranted under the circumstances...." United States v. White, 993 F.2d 147, 151 (7th Cir.1993). Moreover, the district court has "broad discretion in ordering restitution." See United States v. Viemont, 91 F.3d 946, 951 (7th Cir.1996). In exercising discretion, the district court must consider the factors set forth in 18 U.S.C. § 3664(a), including (1) the amount of loss sustained by the victims as a result of the offense; (2) the financial resources of the defendant; (3) the financial needs of the defendant and his or her dependents; (4) the financial earning ability of the defendant and his or her dependents; and (5) any other factors the court deems appropriate.
 
 
 8
 With respect to the first factor, Weiskopf argues, as he did before the district court in his objections to the Presentence Investigation Report (PSR), that the district court erred in considering the losses suffered by the insurance companies who reimbursed the defrauded purchasers of his funeral-prepayment service. He contends that the insurance companies waived their right to receive restitution by failing to meet with the probation officer or to make a claim. But he has not supported his waiver argument with any authority. The district court reasonably held that the insurers stood in the shoes of Weiskopf's victims and therefore that their losses should be included in the restitution order. Any appeal of this decision would be frivolous. Cf. United States v. Brown, 47 F.3d 198, 206 (7th Cir.1995) (finding that the district court had authority to order restitution for the losses caused by the entire fraud, not just the specific acts of fraud to which defendants pled guilty).
 
 
 9
 Weiskopf also claims that the district court failed to comply with § 3664(a) by failing to order a restitution hearing and by failing to consider his financial capability to pay the restitution. Both of these claims are without merit. First, there is no mandatory right to a restitution hearing in this circuit. See United States v. Arvanitis, 902 F.2d 489, 496 n. 6 (7th Cir.1990) (finding no error in not holding restitution hearing, where defendant did not stipulate to the amount of restitution proffered or his ability to pay, because the decision to hold a formal hearing is a matter "that is best handled [by] ... [and] left to the discretion of the district court").[7] Secondly, in its denial of Weiskopf's objections to the PSR, the court specifically noted: "[t]he Court finds that with the Defendant's work history and his likelihood of future employment, he is able to repay the full amount of $119,987.99." (R. at 50.) Hence, the district court sufficiently considered the factors in § 3664(a) concerning Weiskopf's financial ability to pay the ordered restitution. Cf. United States v. Wilson, 98 F.3d 281, 284 (7th Cir.1996) (noting that neither the government nor the court has the burden of establishing the defendant's ability to pay restitution, but rather that the defendant must show "there is not even some hope of complying with the restitution order").
 
 
 10
 Weiskopf also raises a Sixth Amendment challenge to the district court's restitution order, arguing that he was deprived of counsel when he stipulated to the loss caused by his conduct, which the court relied upon in ordering restitution. Without any support, Weiskopf alleges that his attorney left him alone to discuss the loss stipulation with the "Prosecution, Securities Investigator, Postal Investigator, and Probation Officer." (Def.'s Br. at 1.) He further states that he did not understand the full import of this meeting and was prejudiced by counsel's absence. Implicit in his argument is that this meeting constituted a "critical stage" in his criminal proceedings and that he was prejudiced because the meeting resulted in an unfair stipulation to the amount of loss which the district court relied on in ordering restitution.
 
 
 11
 A defendant's pre-sentence discussion with a probation officer may constitute a critical stage of a criminal proceeding when that probation officer plays an adversarial role in the sentencing proceedings. See United States v. Jackson, 886 F.2d 838, 844 (7th Cir.1989). Here, nothing in the record suggests that the probation officer, or any of the other participants at the meeting, represented the government at the sentencing hearing. The record's silence on this issue naturally follows from Weiskopf's failure to raise this issue until now. As noted in Barnes, we will not take jurisdiction of a claim of ineffective assistance of counsel unless the appellant has raised the issue at trial. Barnes, 83 F.3d at 939. The proper procedure is to raise the issue in a collateral proceeding, pursuant to 28 U.S.C. § 2255, where an evidentiary hearing can be ordered on the allegations. Accordingly, Weiskopf's unsworn allegations that he was deprived of counsel in violation of the Sixth Amendment does not constitute a nonfrivolous issue for appeal.
 
 
 12
 Because there are no non-frivolous issues to raise on appeal, we grant counsel's motion to withdraw, and accordingly, dismiss the appeal.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 This term was properly based upon a total offense level of 15 and criminal history category I which translates into an 18-24 month sentencing range. (Sent.Tr. at 14-15.)
 
 
 [2]
 At the plea hearing, the district court reviewed the plea agreement with Weiskopf, noting the provisions waiving Weiskopf's right to a jury trial, his right not to incriminate himself, and his right to appeal either his conviction or sentence. (Plea Hearing Tr. at 10, 18.) The district court further noted that the government's "side of the bargain" was to move for a dismissal of the remaining counts of the indictment, and to recommend a reduction in Weiskopf's total offense level based on his acceptance of responsibility and timely notification of his intent to plead guilty
 
 
 [3]
 After pointing out the waiver provisions in the plea agreement to Weiskopf during the plea hearing, the district court noted the provisions explicitly reserving Weiskopf's right to ask the court for a downward departure, and to challenge the district court's determination of the amount of loss caused by his offenses. (Plea Tr. at 17, 18.) Subsequently, Weiskopf did seek a downward departure but the district court denied his request. (R. at 50.) In regard to his second reservation, Weiskopf stipulated, after the plea hearing, to the loss amount caused by his crime, which the district court relied upon in sentencing
 
 
 [4]
 Notably, we are without the benefit of briefing on this issue of whether Weiskopf waived appellate review of the district court's restitution order despite his reservation of his right to challenge the calculation of the loss caused by his conduct
 
 
 [5]
 The court relied on a report by a psychologist, Dr. Bornstein, who concluded that Weiskopf did not suffer from any major or serious psychiatric illness. (R. at 50.)
 
 
 [6]
 The defense presented mitigating evidence, including Weiskopf's employer and members of his family who were present in court, and numerous letters in support of a lenient sentence for Weiskopf. (Sent. Tr. at 16-27.)
 
 
 [7]
 In Arvanitis, the court expressly rejected the dictum in United States v. Peden, 872 F.2d 1303 (7th Cir.1989), suggesting that a hearing is mandatory unless a defendant stipulates to the amount of the restitution and his ability to pay. See Arvanitis, 902 F.2d at 496 n. 6. Here, of course, Weiskopf did enter a stipulation in regard to the amount of his loss, but he claims that this was not a stipulation to the amount of restitution. We disagree. See United States v. White, 993 F.2d 147, 149 (7th Cir.1993) (finding that defendant waived opportunity to challenge the amount of district court's order of restitution where defendant waived right to an evidentiary hearing on the amount of the loss caused by his conduct)