124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lee O. HOWARD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 97-1354.
 United States Court of Appeals, Seventh Circuit.
 Submitted August 21, 1997.*
Decided Aug. 29, 1997.
 
 Appeal from the United States District Court for the Central District of Illinois, No. 96-CV-1438; Michael M. Mihm, Chief Judge.
 
 ORDER
 
 1
 Lee O. Howard pleaded guilty to possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). In a written plea agreement, Howard waived his right to appeal his sentence under 18 U.S.C. § 3742 and his right to attack his sentence in any post-conviction proceeding. (Plea Agreement, p 15). Howard was subject to a ten-year statutory minimum sentence for violating § 841(a)(1) because of his prior conviction for a felony drug offense. 21 U.S.C. § 841(B). Due to Howard's substantial assistance to the government, the district court departed downward from the statutory minimum and sentenced him to 102 months' imprisonment.
 
 
 2
 Howard did not file a direct appeal. Nearly three months after he was sentenced, however, lie filed a pro se Motion for Post-Conviction Relief pursuant to 28 U.S.C. § 2255, seeking to vacate his sentence. Without addressing the merits of his claims, the district court denied the motion. Relying on our decision in United States v. Schmidt, 47 F.3d 188, 190 (7th Cir.1995), the court reasoned that Howard knowingly, voluntarily, and intelligently waived his right to file for post-conviction relief in the plea agreement. The court found no basis for avoiding this waiver, as the court had neither relied upon a constitutionally impermissible factor in sentencing Howard nor sentenced him above the statutory maximum.
 
 
 3
 Howard appeals the district court's denial of his § 2255 motion. He contends that he is entitled to attack his sentence under § 2255 because the district court did not sentence him at the bottom of the guideline range as recommended by the government in the plea agreement.
 
 
 4
 We review de novo the district court's denial of a § 2255 motion.[1] Prewitt v. United States, 83 F.3d 812, 816 (7th Cir.1996). We have held that "a waiver of a right to appeal contained within a guilty plea is enforceable." Schmidt, 47 F.3d at 190. See also United States v. Wenger, 58 F.3d 280, 281 (7th Cir.), cert. denied, 116 S.Ct. 349 (1995); United States v. Feichtinger, 105 F.3d 1188, 1190 (7th Cir.), cert. denied, 117 S.Ct. 2467 (1997). We have not, however, expressly addressed whether a waiver of § 2255 relief in a plea agreement is enforceable. But we need not resolve that issue because Howard is not entitled to relief on his claims.
 
 
 5
 Howard essentially argues that the district court erred by not giving him a three-level downward departure for acceptance of responsibility, which the government recommended in the plea agreement. He also suggests that the government breached the plea agreement by not advising the district court at the sentencing hearing that he was entitled to this departure. Such sentencing claims are not generally cognizable in a post-conviction proceeding. Absent "extraordinary circumstances," errors in the application of the Sentencing Guidelines cannot be raised on collateral review. Scott v. United States, 997 F.2d 340, 34243 (7th Cir.1993). See Prewitt, 83 F.3d at 816 ("To succeed on a § 2255 petition[,] a convicted defendant must show that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack.").
 
 
 6
 Howard cannot demonstrate the "extraordinary circumstances" required to raise these alleged sentencing errors in a § 2255 motion because his sentence comports with the applicable law and the plea agreement. In return for Howard's compliance with the plea agreement, the government promised "to recommend a sentence at the bottom of the guideline range ... or the mandatory minimum, whichever is greater." (Plea Agreement, p 26) (emphasis added). Howard was subject to a mandatory minimum sentence of ten years, which exceeded the guideline range of 57 to 71 months. 21 U.S.C. § 841(A)(a)(1), (B). Thus, the government was not obliged to recommend a sentence of less than ten years. Furthermore, the plea agreement expressly provides that "the government agrees to recommend to the court that the defendant has accepted responsibility for his criminal conduct pursuant to Section 3E1.1 and should receive a three (3) level downward adjustment in his guideline range if the defendant's guideline sentence is high enough to allow such a reduction." (Plea Agreement, p 18) (emphasis added). Because Howard's sentencing guideline range was below the statutory minimum sentence, his guideline sentence was not high enough to allow a three-level downward departure.
 
 
 7
 Howard also claims ineffective assistance of counsel because his attorney did not inform the court that he was entitled to a three-level downward departure for acceptance of responsibility. To prevail on a Sixth Amendment ineffective assistance of counsel claim, the petitioner must show that his counsel's performance fell " 'below an objective standard of reasonableness," ' and that counsel's deficient performance "render[ed] the proceeding fundamentally unfair and the result unreliable." Mason v. Hanks, 97 F.3d 887, 892-93 (7th Cir.1996), quoting Strickland v. Washington, 466 U.S. 668, 688 (1984). See Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). We need not scour the sentencing transcript to determine whether counsel mentioned this downward departure to the court. As Howard was subject to a ten-year mandatory minimum sentence and received an eighteen-month downward departure for assisting the government, he cannot demonstrate that counsel's performance was constitutionally deficient or that he suffered any prejudice.
 
 
 8
 As Howard's claims are meritless, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Howard argues that the district court erred by not conducting an evidentiary hearing on his § 2255 motion. The court did not abuse its discretion because the record conclusively resolves the issues raised by Howard. See Prewitt v. United States, 83 F.3d 812, 819-20 (7th Cir.1996)