139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America, Plaintiff-Appellee,
v.
Donald WILSON, Defendant-Appellant.
 No. 97-3133.
 United States Court of Appeals, Seventh Circuit.
 Submitted Mar. 3, 1998.
Decided Mar. 4, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 92 CR 1030-1 James H. Alesia, Judge.
 Before Hon. WILLIAM J. BAUER, Hon. JOHN L. COFFEY, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Donald Wilson pleaded guilty to one count of conspiring to defraud the United States in violation of 18 U.S.C. § 371. Wilson's counsel filed a notice of appeal but now seeks to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he considers an appeal to be without merit or possibility of success. Counsel was notified of the opportunity to file a response to the Anders motion pursuant to Circuit Rule 51(a), which he has not done. Because counsel's Anders brief is adequate on its face, we limit review of the record to those issues raised in counsel's brief and supplement to the brief. United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997); United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996). We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 Wilson was indicted with two co-defendants in a nineteen count indictment of conspiring to defraud the government and committing bank fraud, making false statements in matters within the jurisdiction of the federal agencies, using false Social Security numbers with the intent to deceive and bank fraud. These charges stemmed from Wilson's participation in a scheme by which he and his co-defendants would profit from the resale of overvalued residential real estate, which involved providing false information in order to obtain federally insured mortgages and home equity loans. After fleeing the jurisdiction for approximately four years, Wilson was arrested in January 1997 and pleaded guilty to Count One of the indictment. He was sentenced to 27 months' imprisonment and three years' supervised release, and was ordered to pay $6,300 in restitution and a $50 special assessment.
 
 
 3
 Counsel first asserts that Wilson could challenge the voluntariness of his guilty plea on appeal. However, because Wilson does not seek to withdraw his guilty plea, we need not address this issue. See Wagner, 103 F.3d at 552. Counsel next argues that Wilson could challenge the validity of the waiver of his right to appeal. We conclude that any such claim would be frivolous. "Waivers of appeal are enforceable." United States v. Wenger, 58 F.3d 280, 281 (7th Cir.1995). Wilson's agreement to waive his appeal was expressly stated in his written guilty plea. Further, before accepting Wilson's guilty plea, the district court asked Wilson whether he had been advised of appellate rights and whether he agreed, pursuant to the written plea, that he "expressly and knowingly" waived any and all of those rights. Wilson responded affirmatively. Accordingly, because Wilson's waiver was knowing and voluntary, we conclude that any argument based on the validity of Wilson's waiver of his rights on appeal would be frivolous. See id . at 283 ("[The defendant] does not ask us to set aside the entire plea agreement. It is inappropriate to take a blue pencil to the agreement, removing the provisions that in retrospect the defendant wishes were not there."); see also United States v. Schmidt, 47 F.3d 188, 191 (7th Cir.1995).
 
 
 4
 As a third potential argument, counsel asserts that Wilson could argue that he was improperly sentenced. However, because we conclude that Wilson's waiver of his appellate rights was knowing and voluntary, this court would lack jurisdiction to consider the merits of any challenge to his sentence. See Schmidt, 47 F.3d at 192; Wenger, 58 F.3d at 283. Finally, counsel asserts that Wilson could argue that counsel was constitutionally ineffective. We note, however, that we generally do not review ineffective assistance of counsel claims on direct appeal. See United States v. Garrett, 90 F.3d 210, 214 (7th Cir.1996). This court may review such a claim on direct appeal when the defendant's attorney on appeal is not the same person who represented him at the trial level and the claim rests on the trial record alone. See United States v. Barnes, 83 F.3d 934, 939 (7th Cir.), cert. denied, 117 S.Ct. 156 (1996). We decline to address the claim at this time because counsel on appeal is the same as trial counsel.
 
 
 5
 MOTION TO WITHDRAW GRANTED AND APPEAL DISMISSED.