151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Omoyemi OMOLEWA, Defendant-Appellant.
 No. 98-1566.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 21, 1998.
Decided July 28, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 CR 752-2 George W. Lindberg, Judge.
 Before Hon. JOHN L. COFFEY, Hon. FRANK H. EASTERBROOK, Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Omoyemi Omolewa pleaded guilty to one count of conspiring with the intent to possess and distribute heroin in violation of 21 U.S.C. § 841(a)(1). Ms. Omolewa's counsel filed a notice of appeal but now seeks to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he considers an appeal to be without merit or possibility of success. Ms. Omolewa was notified of the opportunity to file a response to the Anders motion pursuant to Circuit Rule 51(a), but she did not respond. Because counsel's Anders brief is adequate on its face, we limit review of the record to those issues raised in counsel's brief. United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996); United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997). We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 Based on information provided by two cooperating witnesses, the Federal Bureau of Investigation began an investigation of a Nigerian organization operating in Chicago which was involved in, among other things, importing and selling heroin. According to an affidavit in support of the criminal complaint, Ms. Omolewa was involved in at least two sales of heroin to the cooperating witnesses. Ms. Omolewa was charged with one count of conspiring to possess with the intent to distribute and to distribute heroin (Count I), two counts of distributing heroin (Counts IV & V), two counts of using a telephone in facilitating the conspiracy to distribute heroin (Counts VIII & XI), and one count of possession of heroin with the intent to distribute heroin (Count X).
 
 
 3
 Ms. Omolewa pleaded guilty to Count I in exchange for the government's agreement to dismiss the remaining counts. The Presentence Investigation Report (PSR) attributed 389.9 grams of heroin to Ms. Omolewa, for a base offense level of 26. The district court sentenced Ms. Omolewa to 43 months' imprisonment and four years' supervised release, and ordered her to pay a fine of $1,500 and a $100 special assessment.
 
 
 4
 Counsel states that he has investigated several possible sentencing errors but has found that Ms. Omolewa could not make nonfrivolous arguments on appeal regarding these possible errors. Specifically, counsel reviewed whether Ms. Omolewa should have been granted a reduction for her minor or minimal role in the offense and for her status as a deportable alien. Counsel also reviewed as a potential argument on appeal that Ms. Omolewa's sentence was excessive. We conclude that any challenges to her sentence would be frivolous based on Ms. Omolewa's waiver of her right to appeal her sentence.
 
 
 5
 Paragraph 11 of the plea agreement states that Ms. Omolewa "knowingly waives the right to appeal any sentence within the maximum provided by the statute(s) of conviction ... on any ground whatever." This language is clear and unambiguous. "Waivers of appeal are enforceable." United States v. Wenger, 58 F.3d 280, 281 (7th Cir.1995). The maximum sentence permitted by 21 U.S.C. § 841(a)(1) is forty years' imprisonment, a $2 million dollar fine, and at least four years' supervised release. Because Ms. Omolewa's sentence was well within the maximum authorized by statute, and because her waiver was knowing and voluntary, we conclude we would lack jurisdiction to consider any argument challenging her sentence; thus, claims attacking her sentence would be frivolous. See id. at 283; see also United States v. Schmidt, 47 F.3d 188, 191 (7th Cir.1995).
 
 
 6
 MOTION TO WITHDRAW GRANTED AND APPEAL DISMISSED.