**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 98-4182

KOFFI KITCHENS,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Robert Earl Maxwell, Senior District Judge.
(CR-94-134)

Submitted: August 25, 1998

Decided: September 23, 1998

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Kevin D. Mills, LAW OFFICES OF KEVIN D. MILLS, Martinsburg,
West Virginia, for Appellant. William D. Wilmoth, United States
Attorney, Paul T. Camilletti, Assistant United States Attorney, Whee-
ling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Koffi Kitchens appeals from his sentence imposed after pleading guilty, pursuant to a written plea agreement, to distributing crack cocaine within 1000 feet of an elementary school, in violation of 18 U.S.C. §§ 2, 841(a), 860 (1994). We dismiss Kitchens' appeal.

In the plea agreement, Kitchens waived his right to appeal any sentence imposed within the statutory maximum of forty years. See 18 U.S.C. §§ 841(b)(1)(C), 860. The court specifically discussed the waiver provision with Kitchens at the plea hearing, and asked him if he understood that by pleading guilty he was giving up his right to appeal any sentence imposed within the statutory maximum of forty years. Kitchens indicated that he understood the waiver provision. The court sentenced Kitchens to 121 months' imprisonment, to be followed by five years of supervised release.

On appeal, Kitchens raises several contentions regarding the district court's computation of his sentence. The Government in its reply brief does not rely on Kitchens' waiver of his right to appeal his sentence, but rather argues the merits of Kitchens' sentencing error claims.

Our review of the record reveals full compliance with Federal Rule of Criminal Procedure 11. Accordingly, by agreeing to waive his appeal rights, Kitchens knowingly and voluntarily relinquished his right to appeal his sentence. See United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994); United States v. Wiggins , 905 F.2d 51, 53 (4th Cir. 1990). Although the Government did not rely on Kitchens' waiver of appeal rights, this court is not precluded from dismissing Kitchens' appeal on this basis. See United States v. Schmidt, 47 F.3d 188, 190-92 (7th Cir. 1995).

Accordingly, we dismiss Kitchens' appeal. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

DISMISSED