165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Victoriano GARCIA, Jr., Defendant-Appellant.
 Nos. 98-1865, 98-1866.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 30, 1998.
Decided Nov. 25, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois. Nos. 3:94CR30015 & 3:98CR30010. William D. Stiehl, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. FRANK H. EASTERBROOK, Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 Order
 
 1
 Victoriano Garcia appeals the sentence imposed following two convictions for drug offenses. The first conviction is from 1994, but sentencing was delayed while Garcia was a fugitive. Free on bail during the trial, Garcia failed to appear for the closing arguments on August 15, 1994; he was not recaptured until November 25, 1996. While on the lam Garcia had been indicted in Mississippi on a second drug charge. More than a year after his recapture he consented under Fed.R.Crim.P. 20 to transfer of the Mississippi case to the Southern District of Illinois, the location of the initial prosecution, and pleaded guilty. The two convictions--one based on a jury verdict in 1994 and the other based on a guilty plea in 1998--were consolidated for sentencing. Garcia received concurrent sentences of 300 months' imprisonment in each case. The appeal is limited to a single contention: Garcia believes that he should have received a two-level reduction for acceptance of responsibility.
 
 
 2
 Because the sentences are concurrent (and the issue contested on appeal does not affect the $50 special assessment on each count, see Ray v. United States, 481 U.S. 736 (1987)), Garcia needs to have both cases reversed if he is to achieve a benefit. The possibility initially appeared remote, for as part of the plea bargain disposing of the Mississippi charges Garcia promised not to appeal his sentence. At oral argument Garcia's lawyer conceded that if this agreement precludes appeal in the Mississippi case, then we need not consider the Illinois case either.
 
 
 3
 Reversing the position taken in his brief, the prosecutor contended at oral argument that for technical reasons the language of this particular waiver does not preclude an appeal on the ground Garcia advances. Because a waiver in a plea agreement is a contract between the defendant and the United States, it may itself be waived. Contract rights create entitlements, not obligations. The United States is entitled to hold Garcia to his promise but is not obliged to do so. Just as the prosecutor may decide not to enforce a defendant's commitment to provide assistance in other cases, so the prosecutor may decide not to enforce a commitment to refrain from appealing. We therefore conclude that the prosecutor's reconsidered position entitles Garcia to resolution of his appeals on the merits. Although United States v. Schmidt, 47 F.3d 188 (7th Cir.1995), holds that a defendant's waiver of appeal may be enforced even if the prosecutor ignores that part of the plea agreement (which is to say, forfeits reliance on it), our case involves not a forfeiture but a waiver, and the difference is substantial. Courts sometimes relieve parties of their forfeitures, but voluntary waivers are conclusive. United States v. Olano, 507 U.S. 725, 732-34 (1993). We enforce the prosecutor's waiver without passing judgment on whether the language of the plea agreement has the effect the prosecutor finds there; that subject is left for another day, when the United States seeks to enforce the waiver.
 
 
 4
 Garcia testified in the Illinois case and falsely denied the charges, which the judge dealt with as obstruction of justice, a step Garcia concedes to be appropriate. Garcia fled in an effort to avoid the deserts of his crime. This is the antithesis of acceptance of responsibility. Although Garcia has been cooperating with prosecutors since late 1997, this does not affect any of the considerations appropriate to his sentence on the 1994 conviction. Assistance after a conviction does not justify a lower sentence except to the extent provided by Fed.R.Crim.P. 35(b); a judge does not abuse his discretion by basing a sentence on the state of affairs that prevailed when the defendant should (but for his flight) have been sentenced, while leaving to Rule 35 proceedings the possibility of a reward for later cooperation.
 
 
 5
 This conclusion may well make it unnecessary to say anything about the sentence on the Mississippi conviction, but to tie up loose ends we add that the district judge did not abuse his discretion there either. Although the judge's oral explanation is curt, the judge said enough to show that he did not think himself obliged by the outcome of the Illinois case to deny a reduction in the Mississippi case. He made an independent discretionary decision, which, given deferential review, is difficult to upset. United States v. Gomez, 24 F.3d 924, 926 (7th Cir.1994). The judge thought that Garcia took too long to change his ways. He dug in his heels for a year after his recapture and began to cooperate only following the appointment of new counsel in the fall of 1997, which implies that the change was strategic rather than genuine. A judge looking at Garcia's entire history reasonably could conclude that he is a career criminal, willing to give the appearance of repentance when that serves his purposes but still at substantial risk of recidivism, and therefore not an appropriate beneficiary of the reward for acceptance of responsibility. Cf. United States v. Beserra, 967 F.2d 254 (7th Cir.1992). Assistance in the arrest and conviction of other criminals may be rewarded directly, by reductions under U.S.S.G. § 5K1.1, without a reduction for acceptance of responsibility. Garcia does not contend that he was entitled to such a direct reward. No more need be said.
 
 AFFIRMED