**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 97-4940

CLARENCE ODELL STANLEY, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-97-45-F)

Submitted: March 2, 1999

Decided: April 8, 1999

Before LUTTIG and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Thomas B. Murphy, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Clarence Odell Stanley, Jr. appeals his guilty plea conviction for armed bank robbery under 18 U.S.C.A. § 2113(a), (d) (West Supp. 1998). The district court sentenced Stanley to 235 months of incarceration at the top end of his Sentencing Guideline range.[1] His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that in his view there are no meritorious grounds for appeal but raising one issue: whether the district court erred by refusing to depart on the ground that Stanley's classification as a career offender over-represented his true criminal history.

We do not address the issue raised by counsel, however, because Stanley waived his right to appeal his sentence except for a sentence resulting from an upward departure from the established Guideline range. The record reveals that Stanley knowingly waived his appellate rights in a valid plea agreement, see United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995), and that the district court carefully reviewed the provisions of the plea agreement with Stanley at his sentencing hearing. The transcript of the plea hearing shows that the district court fully complied with the dictates of Fed. R. Crim. P. 11. See United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991) (holding that if district court fully questions a defendant regarding waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable); United States v. Wiggins, 905 F.2d 51, 53-54 (4th Cir. 1990). Also, we find none of the exceptions to the waiver rule are present in this appeal. See generally United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994). Thus, we find that Stanley has waived his right to this appeal and we dismiss.[2] See Wiggins, 905 F.2d at 53-54.

_____

[1] **U.S. Sentencing Guidelines Manual** (1997).
[2] Although the Government did not rely on Stanley's waiver of appeal rights, this court is not precluded from dismissing the appeal on this basis. See United States v. Schmidt, 47 F.3d 188, 190 (7th Cir. 1995).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If his client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy thereof has been served on his client.

DISMISSED

3