**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Thabet SALEH, Defendant—Appellant.**

**No. 01–10600.**

**D.C. No. CR–00–00266–1–RLH.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 3, 2002.*

Decided July 24, 2002.

Before CHOY, FERGUSON and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Thabet Saleh pled guilty, pursuant to a plea agreement, to one count of conspiracy to possess and distribute pseudoephedrine, a List I chemical, knowing or having reasonable cause to believe that it would be used to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(d)(2). He appeals his sentence, arguing that he was entitled to a two-level decrease in his offense level pursuant to the safety valve provision of U.S.S.G. § 5C1.2.

In his plea agreement, Saleh waived the right to appeal his conviction and sentence. On appeal, the Government declines to enforce Saleh's appeal-waiver and instead

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

urges us to address the case on the merits. The Government's position, however, is not binding on this court if we conclude that Saleh knowingly and intelligently waived his right to appeal. *See, e.g., United States v. Schmidt,* 47 F.3d 188, 189–92 (7th Cir.1995). Whether a waiver in a plea agreement is valid is reviewed de novo. *See United States v. Michlin,* 34 F.3d 896, 898 (9th Cir.1994).

In determining whether the plea agreement was entered into knowingly and voluntarily, we look at the express language of the waiver and the circumstances surrounding the signing and entry of the plea agreement, including compliance with Fed. R.Crim.P. 11. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000). Saleh does not allege that the appellate waiver, or the plea agreement in general, is invalid, nor is there any indication of this in the record. Saleh knowingly and voluntarily waived his right to appeal and the waiver is, therefore, effective.

Because Saleh made a valid waiver of his right to appeal, we decline to address Saleh's argument that he was entitled to a two-level offense level reduction pursuant to § 5C1.2.

**APPEAL DISMISSED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.