UNITED STATES of America,
Plaintiff–Appellee,

v.

Guy GIOVANNETTI and Nicholas
Janis, Defendants–Appellants.

Nos. 89–3651, 89–3678.

United States Court of Appeals,
Seventh Circuit.

March 21, 1991.

David E. Bindi, Asst. Atty. Gen., Barry R. Elden, and James O'Connell, Asst. U.S. Attys., Office of the U.S. Atty., Criminal Receiving, Appellate Div., Chicago, Ill., for U.S.

Edward M. Genson, Marc W. Martin, Genson, Steinback & Gillespie, Chicago, Ill., for Nicholas Janis.

James A. Graham, Marc W. Martin, Genson, Steinback & Gillespie, Chicago, Ill., for Guy Giovannetti.

Before POSNER, RIPPLE, and MANION, Circuit Judges.

ON PETITION FOR REHEARING

PER CURIAM.

■ The government's petition for rehearing (limited of course to our ordering a

retrial for Janis, 919 F.2d 1223), raises two issues that require comment, one very briefly: the giving of the ostrich instruction in this case was a legal error, so the abuse of discretion standard did *not* apply to our review of it. Second is the government's claim that harmless error is non-waivable. This raises a novel and interesting question that requires more extended discussion.

The basis of the government's claim is the text of Rule 52(a) of the Federal Rules of Criminal Procedure: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." This means, of course, that we cannot reverse a conviction because of a harmless error—"harmless" in the sense that it is unlikely to have made a difference in the outcome—even if the error bespeaks serious governmental misconduct that deserves punishment. *United States v. Hasting*, 461 U.S. 499, 509, 103 S.Ct. 1974, 1980, 76 L.Ed.2d 96 (1983). But that is far different from the proposition advanced by the government in its petition for rehearing in this case that even if the government does not argue harmless error, we must search the record—without any help from the parties—to determine that the errors we find are prejudicial, before we can reverse. Such a rule—for which the government offers no authority, and which if adopted might require us to overrule *United States v. Malin*, 908 F.2d 163, 167 (7th Cir.1990), and perhaps other cases, in which this court has declined to consider the question of harmlessness because the government did not raise it—is troublesome in two respects. First, it would place a heavy burden on the reviewing court, deprived as it would be of the guidance of the parties on the question whether particular errors were harmless. Second, it would invite salami tactics. In its main brief and at oral argument the government would argue that there was no error, hoping to get us to endorse its view of the law. If it failed in that endeavor it would file a petition for rehearing, arguing as it does in this case that it should win anyway because the error was harmless. Such tactics would be particularly questionable in a case such as this where the defendant goes out of his way to argue that the error of which he complains was prejudicial, and the government by not responding signals its acquiescence that if there was error, it indeed was prejudicial.

It is true, as the government emphasizes, that the language of Rule 52(a) is mandatory. But this is a general feature of legal rules, and does not make their provisions nonwaivable. Specific rules of conduct or procedure are promulgated against a background of understandings concerning the procedure for invoking the benefits of rules, or for waiving those benefits.

■ The discussion to this point establishes that harmless-error arguments can be waived. It is a separate question whether such a waiver always binds the court. Here the starting point of analysis is Rule 2 of the federal criminal rules, which provides that these rules "shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." The considerations set forth in Rule 2 help us to see that while we are not required to scour a lengthy record on our own, with no guidance from the parties, for indications of harmlessness, we are authorized, for the sake of protecting third-party interests including such systemic interests as the avoidance of unnecessary court delay, to disregard a harmless error even though through some regrettable oversight harmlessness is not argued to us. If it is certain that the error did not affect the outcome, reversal will not help the party arguing for reversal beyond such undeserved benefits as he may derive from delay. *United States v. Green*, 786 F.2d 247, 252 (7th Cir.1986). And reversal will hurt others: not merely the adverse party, whose failure to argue harmlessness forfeits his right to complain about the injury, but innocent third parties, in particular other users of the court system, whose access to that system is impaired by additional litigation. Costs to third parties are an established reason for a court's declining to honor an agreement by the parties, *Donovan v. Robbins*, 752 F.2d 1170, 1176 (7th Cir.

1985), and the same principle applies when a court is belatedly requested to decline to give effect to a waiver—which is the equivalent of an implied agreement. When these third-party costs are taken into account, reversal may be an excessive sanction for the government's having failed to argue harmless error, at least if the harmlessness of the error is readily discernible without an elaborate search of the record. And the government can, by way of petitioning for rehearing, invite us to consider the point provided it is not in effect filing a new brief, this time on the issue of harmlessness.

To summarize, we have discretion to overlook a failure to argue harmlessness, and in deciding whether to exercise that discretion the controlling considerations are the length and complexity of the record, whether the harmlessness of the error or errors found is certain or debatable, and whether a reversal will result in protracted, costly, and ultimately futile proceedings in the district court. Applying this standard to the present case, we decline to relieve the government from the consequences of its failure to raise the issue of harmless error in its brief on appeal. The certainty of harmlessness does not appear with such clarity from an unguided search of the record that we should raise the issue on our own motion. In fact the case against Janis (the only defendant involved in this stage of the proceedings since we upheld the judgment against Giovannetti), although strong, was not overwhelming, and in these circumstances the ostrich instruction could well have confused the jury and by doing so have caused his conviction.

The petition for rehearing is DENIED.