MEMORANDUM *
Appellant Paul Alieva raises three challenges to his judgment of conviction for various smuggling-related offenses. For the reasons stated below, we affirm.
1. Alieva first argues that the evidence against him should have been suppressed because the Border Patrol agent who stopped him lacked reasonable suspicion. Following United States v. Arvizu, 534 U.S. 266, 273-74, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002), we hold that the totality of the circumstances supported the stop. Alieva argues that his stop was unconstitutional because the agent’s observations all have potentially innocent explanations, but when “the data in the record seems equally capable of supporting an innocent explanation as a reasonable suspicion .... [we] give due weight to the factual inferences drawn by law enforcement officers.” United States v. Berber-Tinoco, 510 F.3d 1083, 1087 (9th Cir.2007). Affording due weight to the judgment of the Border Patrol agent and considering the totality of the circumstances on which he relied, we *178 affirm the district court’s denial of Alieva’s motion to suppress.
2. Alieva next challenges the admissibility under the Federal Wiretapping Statute of recorded phone calls he made to his mother and girlfriend from the privately run facility where he was held while awaiting trial. See 18 U.S.C. §§ 2510-2515. We do not decide the merits of these arguments because we hold that any error in admitting the phone calls did not “ha[ve a] substantial and injurious effect or influence in determining the jury’s verdict” and was therefore harmless. Kotteakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). Although the government has not argued harmlessness, we exercise our discretion to consider the issue because the “error is clear beyond serious debate and further proceedings are certain to replicate the original result.” United States v. Gonzalez-Flores, 418 F.3d 1093, 1100 (9th Cir. 2005) (citing United States v. Giovannetti, 928 F.2d 225, 227 (7th Cir.1991)).
3. Finally, Alieva argues that his trial was unduly delayed under the Speedy Trial Act and the Sixth Amendment. At least sixty days between the filing of Alieva’s indictment and his trial date coincided with the pendency of a motion to suppress. “[I]n the ordinary case,” which this case is, “all pretrial delay that coincides with the pendency of a motion will occur as a result of that motion” and will therefore be excludable. United States v. Clymer, 25 F.3d 824, 830 (9th Cir.1994); see also id. (‘Where delay in commencing a trial results from the pendency of a motion ... the delay will automatically be excluded from the Speedy Trial Act calculation, no matter how unreasonable or unnecessary that delay might seem.”). As for the constitutional issue, the less than five^month delay here fails to trigger a Sixth Amendment inquiry. See, e.g., United States v. Mendoza, 530 F.3d 758, 762 (9th Cir.2008); United States v. Gregory, 322 F.3d 1157, 1162 (9th Cir. 2003); see also Doggett v. United States, 505 U.S. 647, 652 n. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Accordingly, Alieva’s trial violated neither the Speedy Trial Act nor the Sixth Amendment.
For the reasons above, the judgment of conviction is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.