**[J-93-2019]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 8 WAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court entered 9/11/18 at No. 1172 WDA |
| | : | 2016, vacating the judgment of |
| v. | : | sentence of the Court of Common Pleas |
| | : | of Allegheny County entered on 6/30/16 |
| | : | at No. CP-02-0014824-2015 and |
| JAMES CALVIN HAMLETT, JR., | : | remanding |
| | : | |
| Appellant | : | ARGUED:  October 16, 2019 |

*OPINION*

**CHIEF JUSTICE SAYLOR**                    **DECIDED:  JULY 21, 2020**

Appeal was allowed to determine whether this Court should prohibit Pennsylvania appellate courts from exercising their discretion to apply the harmless-error doctrine when deemed warranted, in criminal cases where advocacy from the Commonwealth on the subject is lacking.

In 2016, Appellant was convicted of numerous crimes deriving from a sexual assault upon a minor, and lengthy concurrent terms of incarceration were imposed at sentencing.  On appeal, the Superior Court found that the trial court had erred in admitting a video of a forensic interview of the victim into evidence.  Nevertheless, the intermediate court invoked the harmless-error doctrine to deny Appellant's request for a

new trial, reasoning that the video was merely cumulative of properly-admitted evidence in the form of the victim's testimony.[1]

Given that the Commonwealth hadn't argued harmlessness, the Superior Court invoked the precept that an appellate court may affirm a valid verdict based on any reason appearing in the record, regardless of whether the rationale was raised by the appellee. *See Commonwealth v. Hamlett*, No. 1172 WDA 2016, *slip op.* at 27-28, 2018 WL 4327391, at *13 n.8 (Pa. Super. Sept. 11, 2018) (citing *Commonwealth v. Moore*, 594 Pa. 619, 638, 937 A.2d 1062, 1073 (2007)). In discussing this "right-for-any-reason" doctrine, the intermediate court referenced Justice Wecht's dissenting opinion in *Commonwealth v. Hicks*, 638 Pa. 444, 156 A.3d 1114 (2017) (plurality).

There, the Justice noted an "apparent tension between" this right-for-any-reason precept and the allocation to the Commonwealth of the burden to demonstrate that an error is harmless. *Id.* at 518 n.1, 156 A.3d at 1158 n.1 (Wecht, J., dissenting). Albeit expressing a belief that "we can apply the [harmless-error] doctrine without prior invocation," he nonetheless proceeded to observe:

> it seems inconsistent to assign to a party a burden of proof that is applicable only in appellate proceedings, while determining simultaneously that the party has satisfied that burden without the party raising or addressing the doctrine in any way.

*Id.*

---

[1] The Superior Court also discerned an error, in sentencing, pertaining to one of the charges, and that court remanded for resentencing. Such assertion of error is immaterial to this Court's present review.

In the same passage of its opinion, the intermediate court also alluded to Justice Baer's concurrence in *Hicks*, in which he explained as follows:

> As Justice Wecht notes in his dissenting opinion, there are two seemingly incompatible pronouncements from this Court with respect to the Commonwealth's burden to raise harmless error. Traditionally, we have held that the Commonwealth must establish beyond a reasonable doubt that an error was harmless. More recently, however, this Court has recognized that we may affirm a judgment based on harmless error even if that argument was not raised by the Commonwealth because "an appellate court has the ability to affirm a valid judgment or verdict for any reason appearing as of record." Thus, while ordinarily the Commonwealth has the burden of persuasion when it asserts that a particular error was harmless, *sua sponte invocation of the harmless error doctrine is not inappropriate as it does nothing more than affirm a valid judgment of sentence on an alternative basis*.

*Hicks*, 638 Pa. at 488, 156 A.3d at 1140 (Baer, J, concurring) (emphasis added; footnote and citations omitted).

We allowed appeal to consider Appellant's contention that application of the right-for-any-reason doctrine to deem an error harmless improperly relieves the Commonwealth of its burden to demonstrate harmlessness beyond a reasonable doubt. *See Commonwealth v. Hamlett*, ___ Pa. ___, 202 A.3d 45 (2019) (*per curiam*). The issue is a legal one, over which our review is plenary. *See, e.g.*, *Yussen v. MCARE Fund*, 616 Pa. 108, 117, 46 A.3d 685, 691 (2012).[2]

---

[2] Notably, Appellant has framed the question presented to center exclusively on the *sua sponte* dynamic of the Superior Court's decision-making. Accordingly, the issue does not encompass the narrower question of whether the Superior Court may have erred in the substantive aspects of its harmless-error review.

Presently, Appellant candidly acknowledges that Pennsylvania appellate courts -- including this one -- occasionally exercise their discretion by invoking the right-for-any-reason doctrine to proceed, *sua sponte*, to determine whether errors are harmless. *See* Brief for Appellant at 23-25 (citing, *inter alia*, *Commonwealth v. Allshouse*, 614 Pa. 229, 261 & n.21, 36 A.3d 163, 182 & n.21 (2012) ("This Court may affirm a judgment based on harmless error even if such an argument is not raised by the parties."))[3] Furthermore, he recognizes that "most federal circuit courts agree that they may conduct harmless error analysis *sua sponte.*" *Id.* at 26 (citing, *inter alia*, *U.S. v. Giovannetti*, 928 F.2d 225, 226 (7th Cir. 1991) (*per curiam*)); *see also U.S. v. Arrous*, 320 F.3d 355, 356 (2d Cir. 2003) (portraying *sua sponte* consideration of harmless error as a matter of common sense in a particular set of circumstances)[4]

It is Appellant's core position, however, that the practice should be disapproved and discarded. Principally, he maintains that application of the right-for-any-reason doctrine to support *sua sponte* harmless-error review inappropriately relieves the government from the requirement to meet its burden of proof of harmlessness, upon an appellate court's discernment of a trial error. *See, e.g.*, Brief for Appellant at 24 (depicting a "slow but sure dilution" of the harmless-error doctrine). Appellant also

---

[3] Appellant also references: *Commonwealth v. Hitcho*, 633 Pa. 51, 79-80, 123 A.3d 731, 748 (2015); *Commonwealth v. Moore*, 594 Pa. at 638, 937 A.2d at 1073; and *Commonwealth v. Mitchell*, 576 Pa. 258, 280 n.11, 839 A.2d 202, 215 n.11 (2003).

[4] Appellant observes, however, that *sua sponte* review in the federal courts is supported by a specific statute and rule. *See* 28 U.S.C. §2111 ("On the hearing of any appeal or writ of certiorari in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties."); Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). And Appellant highlights the absence of any similar approval via rulemaking or legislation in Pennsylvania. Appellant, however, fails to provide any reason why this Court's precedential case law would lack the force of law in this arena.

charges that this approach "jeopardizes the neutrality and impartiality of the appellate courts, undermines the adversarial system, and presents serious . . . separation of powers concerns." *Id.* at 9.

Throughout his brief, Appellant downplays concerns with judicial economy underlying applications of the harmless-error precept, while stressing that the doctrine was also implemented to secure justice for criminal defendants. *See, e.g.*, Brief for Appellant at 11 (citing *Chapman v. California*, 386 U.S. 18, 22, 87 S. Ct. 824, 827 (1967)). In this vein, he highlights the observation, by the Supreme Court of the United States, that "harmless-error rules can work very unfair and mischievous results when, for example, highly important and persuasive evidence, or argument, though legally forbidden, finds its way into a trial in which the question of guilt or innocence is a close one." *Chapman*, 386 U.S. at 22, 87 S. Ct. at 827. For this very reason, Appellant relates, the Supreme Court imposed the exacting beyond-a-reasonable-doubt threshold to findings of harmlessness associated with violations of federal constitutional law. *See id.* at 24, 87 S. Ct. at 828; *see also id.* at 23, 87 S. Ct. at 828 (stressing "an intention not to treat as harmless" those errors which affect substantial rights).

In the seminal decision in *Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978), Appellant further explains, this Court extended the *Chapman* standard of proof to instances of trial error in Pennsylvania state courts. *See id.* at 408, 383 A.2d at 164 (reasoning that, absent the beyond-a-reasonable-doubt litmus, "there is the danger that a lenient harmless error rule may denigrate the interests and policies which both constitutional and non-constitutional rules promote"). Ultimately, he observes, the harmless-error doctrine operates as a due-process guarantee to assure fundamental fairness relative to criminal trials, notwithstanding any errors that may have occurred. *See* Brief for Appellant at 17.

With respect to the right-for-any-reason principle, Appellant also highlights the inherent limitations, such as the doctrine's inapplicability where factual matters are in dispute. *See id.* (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 88, 63 S. Ct. 454, 459 (1943), and *Bearoff v. Bearoff Bros., Inc.*, 458 Pa. 494, 501, 327 A.2d 72, 76 (1974)). More centrally, he contends that the harmless-error and right-for-any-reason constructs are entirely separate and unrelated. From Appellant's point of view, the harmless-error doctrine pertains to actual trial errors, which he categorizes as encompassing "errors in admission" or "errors in use" of evidence. *Id.* at 19. By contrast, he envisions that application of the right-for-any-reason doctrine is limited to "errors in rationale." *Id.* at 20; *see also id.* at 21 (suggesting that the right-for-any-reason precept can apply only where "no true trial error occurred"). It is Appellant's position that "true trial errors" render a trial potentially unfair, whereas "errors in rationale" do not. *Id.* at 22; *id.* at 23 ("Errors in rationale . . . do not render a trial potentially unfair because the evidence is both properly admitted and the finder of fact is instructed to consider the evidence for the correct evidentiary purpose."). In this regard, he asserts that the right-for-any-reason doctrine is concerned solely with preventing a defendant whose conviction was never impacted by an actual error from obtaining a windfall in the form of a new trial. *Id.* at 23.

The Commonwealth, for its part, urges that harmless-error review administered by an appellate court of its own accord should be regarded as a "rarely-employed exception" to the allocation of the burden of proof to the Commonwealth, and that Pennsylvania appellate courts should retain the authority to raise harmless error *sua sponte* in cases where no unfairness to criminal defendants will result. Brief for Appellee at 9. The Commonwealth relies substantially on the current state of Pennsylvania law -- as acknowledged by Appellant -- and the underlying policy of

facilitating the promotion of judicial economy with due and appropriate regard for defendants' substantive rights.

In these respects, the Commonwealth emphasizes that a criminal "defendant is entitled to a fair trial but not a perfect one." *Lutwak v. U.S.*, 344 U.S. 604, 619, 73 S. Ct. 481, 490 (1953); *accord Allshouse*, 614 Pa. at 261, 36 A.3d at 182 (citation omitted). The Commonwealth references other similar expressions by the Supreme Court of the United States, such as the following:

> The harmless-error doctrine recognizes the principle that the central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence and promotes public respect for the criminal process by focusing on the underlying fairness of the trial rather than on the virtually inevitable presence of immaterial error.

*Delaware v. Van Arsdall*, 475 U.S. 673, 681, 106 S. Ct. 1431, 1436 (1986).

Thematically, the Commonwealth stresses the high social costs of retrials and the policy favoring conservation of limited judicial resources. While conveying an appreciation that such exactions are often unavoidable, the Commonwealth argues nonetheless that "the balance of interest tips decidedly the other way when an error has had no effect on the outcome of the trial." Brief for Appellee at 11-12 (quoting *U.S. v. Mechanik*, 475 U.S. 66, 72, 106 S. Ct. 938, 942-43 (1986)). Like Appellant, the Commonwealth recognizes that the relevant review litmus -- beyond a reasonable doubt -- is a demanding one. *See, e.g.*, *id.* at 25.

Eschewing Appellant's position that *sua sponte* harmless-error review and the application of the right-for-any-reason doctrine are entirely distinct, the Commonwealth reasons that the power of an appellate court to raise the issue of harmless error of its own accord is a logical corollary of its authorization to affirm a valid judgment of sentence for any sound reason that appears as of record. *See id.* at 39 ("The broader

of the two concepts, 'right for any reason,' is . . . customarily offered as the jurisprudential underpinning of the narrower proposition that an appellate court may raise harmless error on its own motion."). It also emphasizes that the two precepts serve the same purposes, namely, to arrive at legally-correct, fair, and just decisions while also fostering judicial economy. *See id.* at 40.

Additionally, the Commonwealth relies on a core precept underlying the right-for-any-reason doctrine, which is that only *appellants* are charged with issue preservation obligations, whereas *appellees* bear none. *See, e.g.*, *id.* at 42 (citing *Sherwood v. Elgart*, 383 Pa. 110, 115, 117 A.2d 899, 901 (1955)); *accord, e.g.*, *Heim v. MCARE Fund*, 611 Pa. 1, 10, 23 A.3d 506, 511 (2011). In the Commonwealth's view, Appellant seeks a novel decisional rule that would necessarily upend this conventional approach to issue preservation by imposing waiver, or its functional equivalent, on the government as the appellee. *See* Brief for Appellee at 7, 42. By way of further explanation, the Commonwealth relates that there are many reasons why advocates representing appellees may refrain from presenting certain alternative arguments, such as out of a concern that such references might dilute the strength of primary contentions, or on account of word-count limitations on briefing. *See id.* at 43, 50.

Finally, responding to Appellant's portrayal of outcome-oriented judicial decision-making by judges, the Commonwealth posits that, "[s]urely, the appellate courts of this Commonwealth do not take lightly their duty to make fair and just decisions when the lives and liberty of criminal defendants are at stake." *Id.* at 27. In this regard, a litany of cases in which appellate courts have found that errors were not harmless are referenced in the government's brief. *See id.* at 27 n.2.

Upon our review, we agree with the Commonwealth's position in all material respects. And we credit Justice Baer's salient conclusion that "*sua sponte* invocation of

the harmless error doctrine is not inappropriate as it does nothing more than affirm a valid judgment of sentence on an alternative basis." *Hicks*, 638 Pa. at 488, 156 A.3d at 1140 (Baer, J, concurring).

As the Commonwealth ably explains, the availability of discretionary *sua sponte* review in appropriate cases serves as an exception to the ordinary rule that the government bears the burden of persuasion relative to harmless error. *Accord United States v. Burgos-Montes*, 786 F.3d 92, 114 (1st Cir. 2015) (explaining that the "government *generally* bears the burden of persuasion on whether an error was harmless, *although* an appellate court may also consider sua sponte whether an error was harmless" (emphasis added)).[5] The harmless-error doctrine functions as the underlying substantive principle of law, and the right-for-any-reason precept merely provides the explanation for when and why an appellate court may exercise its discretionary prerogative to proceed of its own accord to preserve a valid verdict in appropriate circumstances. *See, e.g.*, *Allshouse*, 614 Pa. at 261 & n.21, 36 A.3d at 182 & n.21; *Jones v. State*, 802 S.E.2d 234, 237 (Ga. 2017) (reasoning that "the error in admitting [certain] evidence was harmless as to appellant's conviction and sentence . . . and so the Court of Appeals' judgment is affirmed as right for any reason").[6]

---

[5] While the burden assigned to the Commonwealth is frequently denominated as one of "proof," we also agree with Justice Baer's approach of addressing this obligation in terms of *persuasion*, given that the advocacy on the subject is presented via appellate briefing. *See Hicks*, 638 Pa. at 488, 156 A.3d at 1140 (Baer, J, concurring).

[6] We note that many of the other jurisdictions which permit review for harmlessness by an appellate court of its own accord do not specifically reference the right-for-any-reason doctrine. In these instances, their *sua sponte* consideration of harmless error in appropriate circumstances may simply be regarded as a close cousin of right-for-any-reason review.

It is widely recognized that the appellate courts may proceed of their own accord in this fashion for institutional reasons, in particular, based on the systemic interest in avoiding costly and unnecessary proceedings before the judiciary. *See, e.g.*, *Giovannetti*, 928 F.2d at 226. Indeed, as Appellant observes, federal courts are directed by statute and by governing rules of procedure to disregard "[a]ny error, defect, irregularity, or variance that does not affect substantial rights." Fed. R. Crim. P. 52(a).[7]

To the degree that Appellant implies that judges step into the role of advocates when they undertake *sua sponte* harmless-error review, we disapprove the suggestion. There are a litany of other interests impacted by the social costs of retrial, including those of the judicial system at large, jurors, victims, other witnesses, and the general public. *See, e.g.*, *U.S. v. Mechanik*, 475 U.S. at 72, 106 S. Ct. at 942-43. Judicious recourse to the discretionary prerogative to review for harmless error may appropriately proceed on account of these larger concerns. *Accord In re A.J.R.-H.*, 647 Pa. 256, 288, 188 A.3d 1157, 1176 (2018) ("It would be wasteful to send a case back to a lower court to reinstate a decision which it had already made but which the appellate court concluded should properly be based on another ground within the power of the appellate court to formulate." (quoting *Chenery Corp.*, 318 U.S. at 88, 63 S. Ct. at 459)).

And, contrary to Appellant's position, appellants in criminal cases are not deprived of fundamental requisites of due process -- including notice and an opportunity to be heard or their right to assistance of counsel -- by virtue of the mere fact of *sua sponte* review for harmlessness. If this were the case, of course, the Congressional enactment and federal rule facilitating such review would be patently unconstitutional as

---

[7] This is not to say that federal courts are necessarily required to invoke harmless-error precepts *sua sponte*. *See, e.g.*, *Giovannetti*, 928 F.2d at 227 (portraying the federal courts' authority to "overlook a failure to argue harmlessness" as discretionary, as is also the case in the Pennsylvania state courts).

applied to their authorization of harmless-error review by the federal appellate courts acting of their own accord. *See supra* note 4. In cases in which harmlessness may be a factor, however, able defense attorneys can well anticipate that appellate courts may be legitimately concerned with the societal costs attending a new trial, and those attorneys are free to address the prejudicial impact of trial errors in their own appellate briefs.[8] Such opportunity, of course, alleviates the noted constitutional concerns.

Appellant also cites no authority to support his position that there is a gateway to the right-for-any-reason doctrine that distinguishes between errors in rationale and mistakes in the admission or use of evidence. Significantly, these categories are not mutually exclusive. For example, the selection of an incorrect basis for admitting evidence can be viewed as employment of an erroneous rationale. Moreover, in our view, the primary constraints arise from the requirements that matters in issue cannot involve otherwise unresolved questions of disputed fact, *see, e.g.*, *Chenery Corp.*, 318 U.S. at 88, 63 S. Ct. at 459, and that there must be great confidence in the validity of the verdict, despite the trial error or errors discerned.[9]

We emphasize that the right-for-any-reason doctrine should not be routinely or liberally employed to impose a high barrier to reversal of criminal convictions. In this

---

[8] On the other hand, since invocation of the right-for-any-reason construct is discretionary with the appellate court, the Commonwealth proceeds at its own risk when it elects not to address the subject in its responsive brief.

[9] Notably, as the Commonwealth observes, a number of Appellant's primary lines of attack go more toward impugning harmless-error review as such, as distinguished from the *sua sponte* aspect. *Accord* Brief for Appellee at 52 (explaining that Appellant "does not show that there is a logically necessary -- or ineluctable -- connection between this Court's act of raising and deciding harmless error *sua sponte* and incorrect judicial decisions"); *id.* ("Indeed, the Commonwealth disagrees strenuously with the unsupported assumption that a court's act of taking up an issue *sua sponte* results, in and of itself, in an incorrect, unjust, tendentious or result-oriented decision.").

respect, we note that various federal courts have suggested that *sua sponte* review is extraordinary and should be disfavored, *see, e.g.*, *United States v. Gonzalez–Flores*, 418 F.3d 1093, 1100–01 (9th Cir. 2005), and that the Commonwealth itself suggests similar restraint in its present brief. *See* Brief for Appellee at 9. Along these lines, we find that the difficulties attending application of the harmless-error doctrine derive -- not from employment of the right-for-any-reason precept to permit such review -- but from the superficiality with which harmlessness may sometimes have been discerned.[10]

Finally, we observe that, when an appellate court deems it appropriate to exercise its discretion to undertake a harmless error analysis of its own accord in close cases, it has the ability to enhance fairness to the defendant and facilitate its own review by directing that there be supplemental briefing.

---

[10] *See generally Harry T. Edwards, To Err Is Human, But Not Always Harmless: When Should Legal Error Be Tolerated?*, 70 N.Y.U. L. REV. 1167 (1995) (discussing, at length, the difficulties facing appellate judges in enforcing a rigorous threshold in harmless-error review in cases in which the defendant's guilt seems well established, and the substantial consequences of failing to do so, particularly in terms of the erosion of constitutional rights); Jeffrey O. Cooper, *Searching for Harmlessness: Method and Madness in the Supreme Court's Harmless Constitutional Error Doctrine*, 50 U. KAN. L. REV. 309, 340, 344 (2002) (discussing the exacting analysis essential to harmless-error review and questioning conclusory decision-making that is "essentially opaque because it tends to [affirm on the basis of harmless error] in the most summary fashion, with little or no analysis").

Notably, some courts have provided for more discerning review when harmless error is invoked *sua sponte*. *See, e.g.*, *Giovannetti*, 928 F.2d at 226-27 (discussing the relevant test in terms of "*certain*[*ty*] that the error did not affect the outcome" (emphasis added)). This position, however, is not before the Court at this time.

The order of the Superior Court is affirmed.

Justices Baer, Todd, Donohue, Dougherty and Mundy join the opinion.

Justice Donohue files a concurring opinion.

Justice Wecht files a dissenting opinion.