**[J-93-2019] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 8 WAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered September |
| | : | 11, 2018 at No. 1172 WDA 2016, |
| v. | : | vacating the Judgment of Sentence |
| | : | of the Court of Common Pleas of |
| | : | Allegheny County entered June 30, |
| JAMES CALVIN HAMLETT, JR., | : | 2016 at No. CP-02-CR-0014824- |
| | : | 2015 and remanding. |
| Appellant | : | |
| | : | ARGUED: October 16, 2019 |

**CONCURRING OPINION**

**JUSTICE DONOHUE**                                    **DECIDED: JULY 21, 2020**

I join the Majority Opinion. Its holding is narrowly tailored to the issue presented which entails a pure legal question: Whether Pennsylvania appellate courts may, sua sponte, apply the harmless error doctrine in criminal cases?[1] I agree with the Majority that such courts may do so within the exercise of their discretion.[2]

---

[1] The question accepted for review follows:

> Can the tension between the well-settled rule that the Commonwealth bears the burden of demonstrating harmless error beyond a reasonable doubt and the contradictory principle that an appellate court has the ability to affirm a valid judgment or verdict for any reason appearing as of record be reconciled? If these conflicting principles must be reconciled in favor of the Commonwealth proving harmlessness beyond a reasonable doubt, did the Superior Court err in finding harmless error sua sponte?

*Commonwealth v. Hamlett*, 202 A.3d 45, 46 (Pa. 2019).

[2] The Majority adopts certain fundamental jurisprudential observations made by Justice Baer in his Concurring Opinion in *Commonwealth v. Hicks*, 156 A.3d 1114, 1140 (Pa.

Important questions remain to be resolved in future cases, including whether appellate courts are required to order supplemental briefing when invoking the harmless error doctrine. In this regard, I am puzzled by the Majority's suggestion that appellate courts may find it appropriate to order such briefing in "close cases." Majority Op. at 12. Respectfully, in my view, there is no place for the harmless error doctrine in close cases. This leads to another question left unanswered: What is the relevant test for determining whether an error affected the outcome when harmless error is invoked sua sponte? *Id.* at 12 n.10 (citing *U.S. v. Giovanetti*, 928 F.2d 225, 226-27 (7th Cir. 1991) (per curiam)).

Given the Majority's thorough analysis of the reasons for the extremely occasional need to invoke, sua sponte, the harmless error doctrine, I join the Majority Opinion.

---

2017) (Baer, J., concurring). Majority Op. at 8-9 (crediting Justice Baer's salient conclusion that "sua sponte invocation of the harmless error doctrine is not inappropriate as it does nothing more than affirm a valid judgment of sentence on an alternative basis"). I take no issue with the learned Majority's recognition of this principle or its saliency. I do, however, continue to take exception to the sua sponte invocation of the harmless error doctrine in a case like *Hicks* (*Hicks*, 156 A.3d at 1156-57 (Donohue, J., dissenting)). In my view, where the Commonwealth invokes Pa.R.A.P. 311(d) as the basis for its claim to an interlocutory appeal as of right, thereby attesting that precluded evidence prevents its successful prosecution of the case, such attestation is a declaration that the introduction of the evidence is not harmless and its impact on the verdict is admitted to be consequential.